# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| VERSIAH M. TAYLOR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case Number: 1:15-cv-01198-KOB-JHE |
| ) | |
| WARDEN W.T. TAYLOR, et al., ) | |
| ) | |
| Respondents. ) | |
| ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. Petitioner Versiah M. Taylor ("Petitioner" or "Taylor"), a federal inmate, is currently incarcerated at the Talladega Federal Correctional Institution, in Talladega, Alabama, ("FCI Talladega"), where he is serving a sentence for Conspiracy to File False Claims, Wire Fraud, and Aiding and Abetting. (Docs. 2 & 10-1). Taylor's projected release date is May 28, 2032, via good conduct release. (*Id.*). Taylor's petition challenges his temporary assignment to administrative detention during the investigation of a suspected disciplinary infraction. (*See* doc. 2). Taylor alleges it was an abuse of process to hold him in administrative detention when no disciplinary action was subsequently taken at the conclusion of the investigation. (*Id.* at 3-4). Taylor requests the court order the warden "to determine whether [he] should be released into general population and upon any decision in the negative to provide an adequate investigation as to the exculpatory evidence [he's] pointed out and provide honest results in prompt manner." (*Id.* at 8). For the reasons stated below, the undersigned recommends the petition for a writ of habeas corpus be **DENIED**.

## I. Background

The special housing unit—also referred to as the SHU—is a segregated housing unit where inmates are placed either for administrative or disciplinary purposes when they need to be removed from general population. 28 C.F.R. § 541.22. An inmate is placed in administrative detention when the inmate's continued presence in general population poses a serious threat to life, property, self, staff, other inmates, or to the security or orderly running of the institution. *Id.* at § 541.22(a). Specifically, § 541.23(c)(1) provides an inmate can be placed in the special housing unit when "[he is] under investigation or awaiting a hearing for possibly violating a Bureau regulation or criminal law[.]"

In this case, Bureau of Prisons ("BOP") officials suspected Taylor had used a cell phone to contact a law firm during his incarceration. (Doc. 10-2 at ¶3). BOP policies prohibit cell phone use by inmates during their incarceration. (*Id.*; doc. 2 at ¶12). While BOP officials investigated the suspected rule violation, Taylor was temporarily placed in the special housing unit. (Doc. 10-2 at ¶4). At the conclusion of the investigation, Taylor was released back into general population. (*Id.*).

## II. Procedural History

In response to the court's order to show cause, (doc. 5), Respondents have filed an answer in which they argue the petition is due to be dismissed because Taylor has failed to exhaust his administrative remedies, Taylor's claims are moot because he has been released from administrative detention, and Taylor's claims are not cognizable in a habeas corpus action. (Doc. 10). By order, the court advised the parties Respondents' answer would be treated as a motion for summary dismissal and further advised Taylor of his right to file affidavits or other materials in opposition to the motion for summary dismissal and of the possible consequences of

not responding. (Doc. 11). In response, Taylor has filed a "Motion to Strike Affidavits, Deny Affirmative Defense and Order Respondents to Answer Petitioner's Pleading Truthfully in its Entirety and Thereafter Petitioner Asks the Court to Construe the Appropriate Vehicle for Relief," (doc. 12), and "Motion for Leave to Supplement the Record with New Evidence and Addendum Argument," (doc. 13). More recently, Taylor has filed a "Motion for Leave to Renew Motion for Service Provider Records and To Supplement Record with Addendum Documentation in Support of Exhaustion." (Doc. 16).

Taylor's motion to strike, etc., (doc. 12), is **DENIED**. Taylor argues the affidavits fail to recognize or omit certain actions he took during the grievance process. (Doc. 12 at 1-2). Generally, an affidavit offered in support of summary judgment must be based on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify to the matters stated. FED. R. CIV. P. 56(c)(4). As Taylor has not challenged the affidavits on any of these grounds, his motion is denied. Taylor's motion for leave to supplement the record, (doc. 13), is **GRANTED**.

Taylor's most recent motion regarding service provider records and supplementation, (doc. 16), is **GRANTED IN PART AND DENIED IN PART**. Taylor's request to renew his motion for service provider records is **DENIED** because such records are not necessary to evaluate his claims. Taylor's request that the undersigned consider his "supplemental attachment," (doc. 16 at 4-7), is **GRANTED**, and these records are considered below.

### III. Analysis

A.  **Failure to Exhaust**

It is well-established that an inmate must exhaust his administrative remedies ***before*** seeking relief in federal court via a § 2241 petition. *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th

Cir. 2004); *United States v. Mitchell*, 845 F.2d 951, 953 (11th Cir. 1988) (federal district court lacks jurisdiction over federal prisoner's petition for jail time credit when prisoner has not exhausted his administrative remedies). The BOP's Administrative Remedy Program, which applies to all inmates confined in institutions operated by the BOP, is set out in 28 C.F.R. § 542.10 *et seq.* The three-tiered review process begins with the inmate filing a form that describes his complaint as well as the requested remedy. This "initial filing" is submitted to the warden at the institution where the inmate is confined ("BP-9"). 28 C.F.R. § 542.14(c)(1), (4). The Warden then responds to the inmate's formal complaint. If dissatisfied with the Warden's response, the inmate may appeal to the Regional Director ("BP-10"). 28 C.F.R. § 542.15(a). If dissatisfied with the response from the Regional Director, the inmate may appeal to the General Counsel ("BP-11"). *Id.* Appeal to the General Counsel is the final administrative appeal under the BOP's Administrative Remedy Program. *Id.*

Respondents assert Taylor failed to timely submit a BP-11 to the BOP prior to instituting this habeas action on July 16, 2015, and, therefore, the petition is due to be dismissed for failure to exhaust administrative remedies. (*See* doc. 10 at 3 & doc. 13). Taylor contends his efforts to exhaust administrative remedies were "frustrated" by BOP officials and his BP-11 was returned from the Office of General Counsel on November 4, 2015. (Doc. 13). Records indicate the Regional Director received Taylor's BP-10 on August 4, 2015. (Doc. 13 at 7-8). Therefore, even if Taylor filed his BP-11 immediately after receiving the Regional Director's response, Taylor's BP-11 would have been untimely, as it was submitted *after* he instituted his habeas action. Taylor's "supplemental attachment" indicates he filed his Central Office Administrative Remedy Appeal on or about September 28, 2015. (Doc. 16 at 5). Because Taylor failed to exhaust his administrative remedies prior to filing this action, his petition is due to be dismissed.

Alternatively, Taylor's petition is due to be dismissed because his claims are moot and because his claims are not cognizable in a habeas corpus action.

### B.     Mootness

Even if Taylor had timely exhausted his administrative remedies, he would not be entitled to habeas relief. The Constitution limits the jurisdiction of federal courts to actual cases or controversies. U.S. CONST. art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988). The controversy must be present at all stages of review. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 66 (1997). A federal court has no authority to render a decision upon moot questions or to declare rules of law that cannot affect the matter at issue. *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992).

A case becomes moot when the issues presented are no longer live, or when the parties lack a cognizable interest in the outcome. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (throughout the litigation, plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision"); *Lane v. Williams*, 455 U.S. 624, 631 (1982) (holding that habeas petitions were moot after prisoners' sentences expired and where prisoners had attacked only their sentences).

Taylor's challenge to his temporary assignment to administrative detention is moot because he is currently in the general population. On July 25, 2015, Taylor was released from administrative detention following the conclusion of the investigation that resulted in his temporary assignment to the special housing unit. (Doc. 10-2 at ¶ 4). As such, Taylor is no longer subject to the conditions about which he complains. Any order addressing Taylor's confinement in the special housing unit would not impact him, as he is no longer there. Taylor

has received the relief that he requested, in that he has been released from the special housing unit. Because no further relief can be provided by this court on this issue, Taylor's claim is moot.

### C. Not Cognizable in a Habeas Corpus Action

Taylor's petition is also due to be dismissed because his claim is not cognizable in a habeas corpus action. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The only relief that can be gained in a habeas action is an immediate or speedier release from custody. *See Rose v. Mitchell*, 443 U.S. 545, 586 (1979) (Powell, J., concurring with the judgment and noting that "the very purpose of the Great Writ is to provide some means by which the legality of an individual's incarceration may be tested."); *see also Pierre v. Rivkind*, 825 F.2d 1501, 1504 (11th Cir. 1987) ("The writ of habeas corpus extends only to custody and detention; it cannot address collateral or ancillary forms of administrative relief."); *Cook v. Hanberry*, 592 F.2d 248, 249 (5th Cir. 1979) (noting that "the sole function of habeas corpus is to provide relief from unlawful imprisonment or custody, and it cannot be used to any other purpose.").

Taylor does not seek an immediate or speedier release from custody. (*See* doc. 2). His challenge to a temporary assignment to administrative detention pending an investigation is therefore outside the scope of habeas relief. *See Medberry v. Crosby*, 351 F.3d 1049, 1053–54 (11th Cir. 2003) (dismissing as moot a petition where "[a]ppellant has not shown that the disciplinary proceeding will affect the length of his confinement" and he had already been released from disciplinary segregation). Rather, Taylor attacks the circumstances, not the fact, of his confinement, and therefore his claims do not fall within the scope of a habeas corpus proceeding and should be dismissed.

Furthermore, Taylor's temporary assignment to administrative detention does not rise to the level of a significant and atypical hardship and therefore does not implicate the due process clause sufficient to warrant other relief. *See, e.g.*, *Portley El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002); *Jones v. Baker*, 155 F.3d 810, 812 13 (6th Cir. 1998) (administrative segregation over 900 days not "atypical"); *Griffin v. Vaughan*, 112 F.3d 703, 706 09 (3d Cir. 1997) (15 month administrative segregation was within the expected parameters of the sentence imposed); *accord Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (placement in segregation, even without cause, is not itself an atypical and significant hardship, nor is the absence of contact visitation, exercise privileges, and chapel rights for 37 days); *Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997).

## IV. Recommendation

Based on the foregoing, the undersigned **RECOMMENDS** Respondents' motion for summary dismissal be **GRANTED**, and the petition for a writ of habeas corpus be **DISMISSED**.

## V. Notice of Right to Object

Any party may file specific written objections to this report and recommendation.  Any objections must be filed with the Clerk of Court within fourteen (14) calendar days from the date the report and recommendation is entered.  Objections should specifically identify all findings of fact and recommendations to which objection is made and the specific basis for objection. Failure to object to factual findings will bar later review of those findings, except for plain error. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013).  Objections also should specifically identify all claims contained in the petition which the report and recommendation fails to address.  Objections should not contain new allegations, present additional evidence, or

repeat legal arguments. An objecting party must serve a copy of its objections on each other party to this action.

On receipt of objections, a United States District Judge will make a *de novo* determination of those portions of the report and recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings of fact and recommendations made by the magistrate judge. The district judge must conduct a hearing if required by law. Otherwise, the district judge may exercise discretion to conduct a hearing or otherwise receive additional evidence. Alternately, the district judge may consider the record developed before the magistrate judge, making an independent determination on the basis of that record. The district judge also may refer this action back to the magistrate judge with instructions for further proceedings.

A party may not appeal the magistrate judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. A party may only appeal from a final judgment entered by a district judge.

DONE this 12th day of July 2016.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE