FILED
2016 Sep-21  AM 11:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| VERSIAH M. TAYLOR, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case Number: 1:15-cv-01198-KOB-JHE |
| | ) |
| WARDEN W.T. TAYLOR, et al., | ) |
| | ) |
| Respondents. | ) |
| | ) |

## MEMORANDUM OPINION

On July 12, 2016, the magistrate judge entered a Report and Recommendation, (doc. 17), recommending that the petition for writ of habeas corpus be dismissed with prejudice. He recommended dismissal on grounds that the Petitioner, Versiah M. Taylor failed to exhaust his administrative remedies, his petition was moot, and his claim was not cognizable as a habeas corpus action. (Doc. 17 at 3-7). Taylor filed objections to the Report and Recommendation on August 25, 2016.[1] (Doc. 20). The objections are twofold and charge that the Report and Recommendation failed to consider (1) the "Special Circumstances" justifying Taylor's delay in exhausting his administrative remedies, and (2) the facts set forth in his Motion to Strike. (Doc. 20 at 1). The court has considered these objections and made a *de novo* determination of the portions of the Report and Recommendation to which they are made.

---

[1]Taylor sought and was granted a thirty day extension of time within which to file objections to the Report and Recommendation. (Doc. 18).

1

Taylor's first objection to the Report and Recommendation is that it fails to consider "Special Circumstances"[2] justifying his delay in the exhaustion of administrative remedies.  (Doc. 20 at 1).  Taylor does not set out the special circumstances to which he refers in his objection, but the court has considered the materials he cites and discerns the objection as attributing his failure to exhaust administrative remedies to interference by prison officials.  In submissions before the court, Taylor states he gave his BP-9 to a Special Housing Unit (SHU) officer on May 15, 2015, but, through no fault of his own, it was not filed until June 12, 2015.  (Doc. 17 at 3-5, *see* Doc. 17 at 4).  He further contends this "was atypical compared to how other inmates were treated and has caused significant hardship with excessive litigation."  (Doc. 12 at 5).

Contrary to Taylor's objection otherwise, the magistrate judge's Report and Recommendation considered his contention that his efforts to exhaust administrative remedies were frustrated by BOP officials.  (Doc. 17 at 4).  But the magistrate judge nevertheless recommended dismissal because Taylor's contention contradicts the record, which reflects that he was still pursuing his administrative remedies and had not yet completed that process at the time he filed his habeas petition.  (*See* Doc. 17 at 3-5).

As set forth in the Report and Recommendation, Taylor commenced his habeas action on July 16, 2015.  (Doc. 1).  Records submitted by him indicate, however, that his administrative appeal

---

[2]  Taylor cites to a Second Circuit decision for the proposition that special circumstances may excuse a prisoner's failure to exhaust his administrative remedies.  (Doc. 12 at 5) (citing *Giano v. Goord*, 380 F.3d 670  (2d Cir. 2004).  The court notes that this decision was recently abrogated.  *See Ross v. Blake*, 136 S. Ct. 1850, 195 L. Ed. 2d 117 (2016).  In *Ross*, the Supreme Court considered the mandatory nature of the Prison Litigation Reform Act ("PLRA') and held that ". . .the PLRA's text suggests no limits on an inmate's obligation to exhaust—irrespective of any 'special circumstances.' And that mandatory language means a court may not excuse a failure to exhaust, even to take such circumstances into account."  *Ross,* 136 S.Ct. at 1857 (internal citations omitted).

process was ongoing and unexhausted at that time. (*See* Doc. 13 at 7-8).  Indeed, his Regional Administrative Appeal (BP-10) was received on August 4, 2015. (Doc. 13 at 8).  Thus, even if Taylor filed his BP-11 immediately after receiving the Regional Director's response to his BP 10 – sometime after August 4, 2015 – it would have been filed *after* he instituted this habeas action.  And the supplemental records that Taylor filed indicate just that – his Central Office Administrative Remedy Appeal (BP-11) was filed on or about September 28, 2015, two months *after* he filed his habeas petition.  (Doc. 16 at 15).

This failure to exhaust administrative remedies, and complete the process he started, before filing a habeas action, is distinct from the question of whether Taylor's administrative remedies were filed timely or in the usual course.  Here, any interference that delayed Taylor in exhausting his administrative remedies, such as the delayed filing of his BP-9, did not thwart him in his ability to ultimately file those appeals, including the BP-10 and BP-11.  In that sense, whether Taylor's efforts to exhaust his remedies were frustrated is of no moment – he was able to pursue those remedies, delayed or not, and his failure to complete them before filing his habeas is detrimental to his petition.  Accordingly, Taylor's objection is OVERRULED.

Taylor also objects to the Report and Recommendation on grounds it "fails to consider the facts demonstrated in Plaintiff's Motion to strike on p. 3 at ¶ 2, that the Affidavit submitted by LT. Bowns supports false allegation that cannot be competently testified to if the court compares it to service provider records."  (Doc. 20 at 1).  The affidavit that Taylor references in his objection  is a declaration that the government submitted to establish the prison's cell phone rules and the fact that Taylor was temporarily assigned to the Special Housing Unit (SHU) during the investigation of a suspected violation of that policy.  (Doc. 10-2 at 2).  Taylor believes the affidavit to be a sham. (Doc. 12 at 3).

The court has reviewed Taylor's motion to strike and the subject affidavit, but the facts that Taylor objects to as not being considered by the magistrate judge are not evident. In the cited portion of his motion to strike, Taylor concludes that the affidavit is a sham, non-specific, and submitted in bad faith. (Doc. 12 at 3). But Taylor does not dispute that he was no longer assigned to the SHU at the time he filed his petition, a fact established by the affidavit and relevant to the issue of mootness. (Doc. 10-2 at 2). While Taylor concludes that the affidavit is a sham, he does not challenge any facts pertinent to the dismissal of his habeas action. The magistrate judge recommended dismissal of the instant habeas petition because Taylor's administrative remedies were not exhausted, his claim was moot, and his claim was not cognizable in a habeas corpus action. None of the allegations or facts demonstrated in Taylor's submissions require a different conclusion. Accordingly, the Petitioner's objection is OVERRULED.

The court has considered the entire file, together with the report and recommendation, and has reached an independent conclusion that the report and recommendation is due to be adopted and approved. Accordingly, the court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of this court. The petition for writ of habeas corpus is due to be DISMISSED. A separate Order will be entered.

DONE and ORDERED this 21st day of September, 2016.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE